# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4289

ARTIE MURPHY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-388)

Submitted: January 7, 2003

Decided: January 30, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Gregory S. Forman, Charleston, South Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Artie Murphy appeals from his conviction and 120 month sentence pursuant to a guilty plea to conspiracy to possess with the intent to distribute and to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000).

Murphy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raises the issues of the adequacy of the Fed. R. Crim. P. 11 hearing, whether the Sentencing Guidelines were properly applied, and whether Murphy's trial counsel provided effective assistance.

This Court generally reviews the adequacy of a guilty plea de novo, but in the Rule 11 context, violations are evaluated for harmless error. *United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. *See* Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We conclude the district court complied with the requirements of Rule 11 when it accepted Murphy's guilty plea.

The district court attributed 211.02 grams of heroin to Murphy without his objection at sentencing. An offense level of 26 is set for quantities of heroin between 100 and 400 grams. USSG § 2D1.1(c)(7). Because Murphy stipulated to at least 100 grams of heroin in his plea agreement, the court correctly determined the precise drug quantity attributed to him did not affect his sentence. Therefore, the district court did not clearly err in attributing 211.02 grams of heroin to Murphy. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999); *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000).

As the record on appeal does not conclusively show that defense counsel's performance fell below a reasonable standard, we decline to review Murphy's claim of ineffective assistance of counsel on direct appeal. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Murphy's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*